UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

RUTH COX,
        Plaintiff,

        v.

VANPORT PAVING, INC.,
PORTER W. YETT COMPANY and
DOUG O'NEAL,
        Defendants.

Civil No. 05-527-HU

O R D E R

HAGGERTY, Chief Judge:

    Magistrate Judge Hubel issued an Amended Findings and Recommendation [45] in this action recommending that defendants' Motion for Summary Judgment [21] be DENIED with respect to the sexual harassment, retaliation and constructive discharge claims, and GRANTED with respect to the claims for intentional infliction of emotional distress and violations of Or. Rev. Stat. Sec. 659A.040. A "Supplemental Findings and Recommendation" [46] was also issued that recommended denying defendants' request by letter to construe the scope of their Motion for Summary Judgment as encompassing plaintiff's battery claim. Further references to the Magistrate Judge's conclusions pertain to the Amended Findings and Recommendation [45].

    Objections [47] to these Amended Findings and Recommendations were filed by defendants. These matters were then referred to this court for review.

1 -- ORDER

When a party objects to any portion of the Magistrate's Findings and Recommendation, the district court must make a *de novo* determination of that portion of the Magistrate's report. 28 U.S.C. § 636(b)(1)(B); *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981).

Defendants filed objections in a timely manner. The court has given the file of this case a *de novo* review, and has also carefully evaluated the Magistrate's Amended Findings and Recommendations, supplemental filings, the objections, and the record of the case. Defendants' objections are denied, and the Amended and Supplemental Findings and Recommendations are adopted.

The Magistrate Judge reviewed this case thoroughly in his Amended Findings and Recommendation. This is a hostile environment sexual harassment case, to which plaintiff also added claims for retaliation, assault, battery, intentional infliction of emotional distress, constructive wrongful discharge, and injured worker discrimination in violation of Or. Rev. Stat. § 659A.040.

The Amended Findings and Recommendation summarized correctly the standards applicable to evaluating whether an actionable hostile environment claim is presented and should survive a summary judgment motion. Amended Findings and Recommendation at 19-20. As the Amended Findings and Recommendation acknowledged, to assert a viable gender-related hostile work environment claim, an employee must show (1) that he or she was subjected to verbal or physical conduct based upon gender; (2) that the conduct was unwelcome; and (3) that the conduct was sufficiently severe or pervasive to alter the conditions of his or her employment and create an abusive work environment. Amended Findings and Recommendation at 19; *see also Galdamez v. Potter*, 415 F.3d 1015, 1023 (9th Cir. 2005), quoting *Vasquez v. Co. of Los Angeles*, 349 F.3d 634, 642 (9th Cir. 2003).

Viewed in a light favorable to plaintiff, the evidence in the record of this case – at a minimum – raises genuine issues of material fact as to whether plaintiff was subjected to repeated, consistent actions that created a hostile work environment. This evidence includes the following:

2 -- ORDER

- sexually explicit jokes;

- pornography;

- demeaning comments about herself and other women;

- offensive acts, including being asked by Hugh O'Neal, a General Manager, to spend the night at his house; and being assaulted by Doug O'Neal, a supervisor at Vanport and the son of Hugh O'Neal, who injured plaintiff by spilling her out of her desk chair on three occasions;

- corroboration from other female employees who also reported being subjected to sexually explicit jokes, pornography, demeaning and degrading comments about themselves, and other offensive and unwelcome acts; and

- allegations from plaintiff that after she complained about this conduct, she was threatened with termination without justification, suffered involuntary reductions in assigned hours, and was laid off for a period of time.

The Amended Findings and Recommendation concluded properly that plaintiff established questions of fact as to the existence of "an objectively hostile work environment that was sufficiently severe or pervasive to alter the conditions of her employment" by presenting evidence – much of it corroborated by other employees – that:

> Hugh O'Neal propositioned her, repeatedly required her to observe pornography and obscene jokes on his computer, made a number of derogatory comments about women in general being stupid, unable to do anything right, and needing him to "babysit" them, insinuating that menopause made women stupid, and that their physical complaints were all "in their heads." Mr. O'Neal does not deny these allegations.

Amended Findings and Recommendation at 20.

3 -- ORDER

The Amended Findings and Recommendation concluded, and this court agrees, that "Ms. Cox has proffered direct and circumstantial evidence sufficient to make out a *prima facie* case of hostile environment sex discrimination."  Amended Findings and Recommendation at 21.

Defendants direct their first objection toward a reference in the Amended Findings and Recommendation regarding "minimal" standards for presenting a *prima facie* discrimination case that survives a summary judgment motion.  Amended Findings and Recommendation at 21-22.  A fair, comprehensive reading of the Amended Findings and Recommendation makes plain that plaintiff's claims and defendants' arguments for summary judgment were evaluated properly, under appropriate standards.

Defendants' next objection contains argumentative generalizations drawn from the Amended Findings and Recommendation's conclusions regarding evidence in the case about the extent and effect of defendants' remedial actions.  The Objections refer to the Magistrate Judge "brushing aside" evidence of this remedial evidence (Objections at 8), failing to recognize that the "system worked as it was supposed to" (Objections at 8-9), "suggest[ing]" that defendants failed to exercise reasonable care (Objections at 9), appearing "to fault the employer for not imposing formal discipline on its employees" (Objections at 10), and "impl[ying]" that plaintiff's "failure to invoke the complaint procedure" six months before quitting was reasonable (Objections at 12).

Notwithstanding these characterizations, the conclusions in the Amended Findings and Recommendation are straightforward.  The Amended Findings and Recommendation acknowledged that an employer's liability for a co-worker's harassing conduct is subject to an affirmative defense.  The defense arises when the employer shows that it exercised reasonable care to prevent and correct promptly harassing behavior, and the plaintiff unreasonably failed to take advantage of the employer's corrective opportunities.  Amended Findings and Recommendation at 22-23, citations omitted.

For purposes of evaluating defendants' summary judgment motion, the Amended Findings and Recommendation assumed that plaintiff was not constructively discharged, and that, therefore, defendants were not strictly liable. Amended Findings and Recommendation at 23.

After evaluating the evidence presented, the Amended Findings and Recommendation concluded properly that there is a genuine issue of material fact as to whether plaintiff's employer "had accessible and effective nondiscrimination policies and procedures, and that it took prompt and effective remedial action after receiving [plaintiff's] letter of complaint." Amended Findings and Recommendation at 24. The decision went to lengths to explain this conclusion. Amended Findings and Recommendation at 24-27.

Although defendants dispute the Amended Findings and Recommendation's conclusions, defendants' challenges are directed at the interpretation of facts presented. As such, their objections address the weight and persuasiveness of the evidence in the record. Defendants' arguments fail, however, to refute the Amended Findings and Recommendation's proper conclusion that issues of fact exist as to the possible existence and accessibility of nondiscrimination policies, and whether effective remedial action was taken promptly.

Defendants' next specific objection argues that employer liability should not attach because plaintiff unreasonably "failed to invoke the complaint procedure before resigning." Objections at 14. The reasonableness of plaintiff's conduct under the circumstances presented is a factual issue not resolvable via summary judgment.

The Amended Findings and Recommendation recognized that plaintiff's work environment lacked "any means by which employees could officially complain about Hugh O'Neal," Amended Findings and Recommendation at 24, and that unofficial complaints about Hugh O'Neal were ignored. Amended Findings and Recommendation at 25. There are material issues of fact regarding how seriously Hugh

O'Neal took such complaints. *Id*. at 25-26. The Amended Findings and Recommendation rejected any alleged failure on plaintiff's part to renew her complaints as grounds for granting summary judgment to defendants, concluding that "at best," defendants' assertions that plaintiff made no complaints after writing a letter in August 2004 until she resigned in February 2005 raised factual questions as to the accessibility and effectiveness of defendant's complaint procedures, and how and why plaintiff may have engaged those procedures. Defendants' assumptions that plaintiff's conduct in that regard entitle them to summary judgment are without merit.

Defendants' next objection contends that the Amended Findings and Recommendation erred in concluding that summary judgment is unwarranted on plaintiff's retaliation claim. Defendants assert that "[n]o reasonable juror could infer from the undisputed facts viewed most favorably to Plaintiff that Mr. Miller's decision to layoff Plaintiff for a two week period while he was out of the office . . . was retaliation for writing a letter several months earlier." Objections at 16.

The Amended Findings and Recommendation concluded properly that a reasonable juror could indeed draw that inference. At a minimum, questions of fact exist on this issue in light of plaintiff's notes that Miller told plaintiff that Hugh O'Neal had declared that plaintiff "needed to be gone" and had told Miller to "get rid of" plaintiff. Amended Findings and Recommendation at 28 (cited previously to the Affidavit of Wayne D. Landsverk, Exhibit 21). Defendants' arguments about whether the layoff should be construed as trivial or insufficiently connected to plaintiff's complaints contribute to these existing factual contentions, and fail to establish grounds for granting summary judgment to defendants on the retaliation claim.

Similarly, questions of fact are presented as to whether plaintiff was constructively discharged because defendants created and imposed intolerable working conditions that were likely to cause plaintiff to resign. Defendants' arguments to the contrary have been considered and are rejected. Once again,

defendants' objections attack the weight of plaintiff's evidence, but fail to establish as a matter of law that plaintiff's claim should be dismissed.

Defendants also argue that plaintiff's wrongful discharge claim should be construed as precluded. This argument is rejected. Under Oregon law, the common law remedy for wrongful discharge or termination is available only in the absence of an adequate statutory remedy. *Delaney v. Taco Time Int'l, Inc.*, 681 P.2d 114, 118 (Or. 1984); *Anderson v. Evergreen Int'l Airlines, Inc.*, 886 P.2d 1068, 1072 (Or. App. 1994), citations omitted.

Oregon courts have been in significant conflict on whether adequate statutory remedies preempt a wrongful discharge claim. *See decisions summarized in Draper v. Astoria Sch. Dist. No. 1C*, 995 F. Supp. 1122 (D. Or.1998), *overruled in part by Rabkin v. Or. Health Sciences Univ.*, 350 F.3d 967 (9th Cir. 2003). The decision in *Draper* noted "conflicting statements" issued by Oregon courts regarding availability of the wrongful discharge tort and the resulting "considerable confusion." *Id*. at 1126-32.

Scrutiny regarding the availability of the tort of wrongful termination or wrongful discharge in Oregon is ongoing, and has been undertaken quite recently:

> Under Oregon law, the availability of a common law remedy is conditioned upon the absence of an adequate statutory remedy. *Price v. Multnomah Co.*, 132 F. Supp.2d 1290, 1295 n. 6 (D. Or. 2001) (citing *Delaney*, 681 P.2d 114 (Or. 1984)). The purpose of the wrongful discharge tort "is not to vindicate the individual interests of the employee by assuring that he or she receives the maximum possible recovery, but rather to protect important public policies by punishing conduct that thwarts those interests." *Draper*, 995 F. Supp. at 1130. Thus, a wrongful discharge claim is unavailable if a statutory remedy adequately protects the public interest in question. *Id*. at 1130-31.

*Huff v. City of Portland*, 2006 WL 572152, *2 (D. Or. 2006).

The court in *Huff* reiterated that under the *Draper* test, "a defendant seeking to dismiss a common law claim because the plaintiff has an adequate statutory remedy must show two things: (1) the statutory

7 -- ORDER

remedy is adequate in comparison to the common law remedy, and (2) the legislature intended that the statute abrogate the common law." *Id.*, citations omitted; *see also Olsen v. Deschutes Co.*, 127 P.3d 655, 660 (Or. App. 2006) (to support dismissing the wrongful discharge claim, defendant must demonstrate both that the statutory remedies for retaliatory discrimination are adequate in comparison to the remedy available under a common-law tort action, and also that the legislature intended the statute to abrogate the common law).

Here, plaintiff's wrongful discharge claim may give rise to alleged injuries to which Title VII may provide remedies. However, remedies available under Title VII are construed as supplemental and are not intended to supersede any other common law claim. *See* 42 U.S.C. § 2000e-7. In partial congruence with this, this court has recognized previously that federal claims brought under Title VII and state claims brought under Oregon statutes do not preempt a wrongful discharge claim premised on the allegation that plaintiff was discharged in retaliation for opposing discrimination based on gender. *See Shepherd v. City of Salem*, 320 F. Supp. 2d 1049, 1059-60 (D. Or. 2004) (citing *Holien v. Sears, Roebuck and Co.*, 689 P.2d 1292, 1303-04 (Or. 1984)); *cf. Walsh v. Consolidated Freightways*, 563 P.2d 1205, 1208-09 (Or. 1977) (claim for discharge in retaliation for report of *workplace safety violation* is, however, preempted).

This court notes that the Ninth Circuit has affirmed summary judgment entered against a wrongful discharge claim in a case in which the plaintiff alleged that she had been terminated in retaliation for resisting race discrimination against another employee. *See Thomas v. City of Beaverton*, 379 F.3d 802 (9th Cir. 2004). The Ninth Circuit explained that the plaintiff "did not suffer the kind of personal injury that would warrant providing a common law remedy of wrongful discharge in addition to the existing state and federal statutory remedies for retaliation." 379 F.3d at 813.

In a more recent, more analogous case, however, the Ninth Circuit affirmed judgment as a matter of law regarding a plaintiff's federal retaliation and state wrongful discharge claims, noting simply that

8 -- ORDER

"[a] plaintiff in a wrongful discharge action under Oregon common law must make a similar showing [as required in the federal retaliation claim]: that his employment was terminated because he resisted discrimination."  *Cornwell v. Electra Cent. C.U.*, 439 F.3d 1018, 1035 (9th Cir. 2006), citing *Holien*, 689 P.2d at 1299-1300.  The reasoning in *Cornwell* permits a strong inference that these claims remain viable when presented together.

This inference is in accord with several unpublished decisions in which Oregon federal courts have determined that remedies under Title VII are inadequate to compensate an employee who is discharged in retaliation for opposing discrimination.  *See, e.g., Paugh v. King Henry's, Inc.*, 2005 WL 1565112, *9 (D. Or. June 30, 2005) (the statutory remedy for violating Title VII and O.R.S. 659A.030 is inadequate to protect employees from a wrongful discharge caused by resisting employment discrimination); *Chestnut v. Fred Meyer Jewelry, Inc.*, 2004 WL 1900556, *15 (D. Or. August 24, 2004) ("This court, following Judge Stewart's opinions in *Hand v. Fred Meyer, Inc.*, 96-92-ST (April 8, 1996) and *Coleman v. Pig N Pancake, Inc.*, 94-405-ST (January 22, 1996) and Judge Jelderks's opinion in *Chandos v. Palmer, Groth & Pietka, Inc.*, 95-1473-JE (December 14, 1995), finds that plaintiff's common law wrongful discharge claim based on her resistance to unlawful sex-based discrimination is not barred").

Moreover, there is no indication from the Oregon courts that O.R.S. 659.030 was designed to preempt common law wrongful discharge claims.  There is an absence of controlling case law that could support a determination that claims brought under Title VII, 42 U.S.C. §1981, or Oregon statutory law prevents a plaintiff from bringing a common law wrongful discharge claim.  This absence compels the conclusion that the remedies available under Title VII, §1981, and Oregon statutory law are insufficient to exclude plaintiff's common law wrongful discharge claim.  Defendants' objections as to plaintiff's wrongful discharge claim are overruled.

Finally, defendants object to the conclusions in the Supplemental Findings and Recommendation [46] that defendants' Motion for Summary Judgment failed to address plaintiff's claim for battery against Doug O'Neal.  This court adopts the Supplemental Findings and Recommendation and declines to interpret arguments against other claims in the case as a motion for summary judgment on the battery claim.

CONCLUSION

For the reasons provided above, the Amended Findings and Recommendation [45] in this action recommending that defendants' Motion for Summary Judgment [21] be DENIED with respect to the sexual harassment, retaliation and constructive discharge claims, and GRANTED with respect to the claims for intentional infliction of emotional distress and violation of Or. Rev. Stat. Sec. 659A.040, is adopted.  The Supplemental Findings and Recommendation [46] that recommends denying defendants' request by letter to construe the scope of their Motion for Summary Judgment as encompassing plaintiff's battery claim is also adopted.

IT IS SO ORDERED.

Dated this   2   day of June, 2006.


   /s/Ancer L.Haggerty
Ancer L. Haggerty
United States District Judge